IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| THE CINCINNATI INSURANCE COMPANY as subrogee of Edmund Cannon, | ) ) ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 3:10-CV-465-WKW [WO] |
| | ) | |
| J. MARSH ENTERPRISES, INC., and ADDISON STEEL TRUSS COMPANY, INC., | ) ) ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

This cause is before the court on Defendant J. Marsh Enterprises, Inc.'s ("J. Marsh")

Motion to Dismiss (Doc. # 13) for lack of subject matter jurisdiction, which is construed as

a motion made pursuant to Federal Rule of Civil Procedure 12(b)(1).[1]   The Cincinnati

Insurance Company ("Cincinnati Insurance") has responded in opposition.  (Doc. # 16.)

Upon a thorough review of the parties' briefs and the applicable law, J. Marsh's motion is

due to be denied.

---

[1]  J. Marsh labels the motion as arising under Federal Rule of Civil Procedure 12(b)(6).  (Def.'s Br., at 1.)  However, a 12(b)(6) motion to dismiss for failure to state a claim tests the legal sufficiency of the complaint and the facts alleged therein.  *See generally Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007).  As discussed below, J. Marsh is not challenging the legal sufficiency of factual allegations in the Complaint; rather, J. Marsh is moving to dismiss on the ground that the court's jurisdictional requirements under 28 U.S.C. § 1332, specifically the requirement of complete diversity, have not been met.

## I. BACKGROUND

Cincinnati Insurance filed, as subrogee of Edmund Cannon ("Mr. Cannon"), a four-count Complaint alleging state law claims for (1) breach of express/implied warranties, (2) negligence, (3) failure to warn, and (4) breach of contract.  (Compl. ¶¶ 14-34 (Doc. # 1).) The Complaint alleges subject matter jurisdiction based on diversity of citizenship under 28 U.S.C. § 1332.  (Compl. ¶ 5.)  In support of diversity of citizenship, the Complaint alleges that both Defendants are Alabama corporations with principal places of business in Alabama, and alleges that Cincinnati Insurance "is a foreign corporation authorized to conduct business in the State of Alabama."  (Compl. ¶ 1.)  The amount in controversy is alleged to be $250,000.00.  (Compl. ¶ 4.)

J. Marsh has moved to dismiss.  J. Marsh contends that because Cincinnati Insurance is proceeding in this cause as subrogee of Edmund Cannon, and because Edmund Cannon (according to J. Marsh) is an Alabama resident, "complete diversity is not present and this case is due to be dismissed."  (Def.'s Br. ¶ 4.)

Cincinnati Insurance opposes the motion.  Cincinnati Insurance argues that because it has paid the entire loss suffered by Mr. Cannon, it is the only real party in interest to this lawsuit.  (Compl. ¶ 13; Pl.'s Br. ¶ 2.)  "[A]s Cincinnati Insurance Company is the real party in interest in this matter, diversity of citizenship exists and this matter is properly before this court."  (Pl.'s Br. ¶ 3.)

## II.  STANDARD OF REVIEW

A Rule 12(b)(1) motion directly challenges the district court's subject matter jurisdiction. *Gilmore v. Day*, 125 F. Supp. 2d 468, 470 (M.D. Ala. 2000).  "Rule 12(b)(1) motions to dismiss for lack of subject matter jurisdiction can be asserted on either facial or factual grounds."  *Carmichael v. Kellogg, Brown & Root Servs., Inc.*, 572 F.3d 1271, 1279 (11th Cir. 2009) (citing *Morrison v. Amway Corp.*, 323 F.3d 920, 925 n.5 (11th Cir. 2003)). "Facial challenges to subject matter jurisdiction are based solely on the allegations in the complaint."  *Id.*  "When considering such challenges, the court must, as with a Rule 12(b)(6) motion, take the complaint's allegations as true."  *Id.*  On the other hand, a "factual attack" challenges "subject matter jurisdiction in fact, irrespective of the pleadings."  *Morrison*, 323 F.3d at 925.  In a factual attack, "matters outside the pleadings, such as testimony and affidavits, are considered."  *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1260 (11th Cir. 2009) (quotation omitted).  "The party commencing suit in federal court . . . has the burden of establishing, by a preponderance of the evidence, facts supporting the existence of federal jurisdiction."  *Underwriters at Lloyd's, London v. Osting-Schwinn*, 613 F.3d 1079, 1085 (11th Cir. 2010).

## III.  DISCUSSION

J. Marsh argues that complete diversity does not exist because Mr. Cannon, whom J. Marsh alleges to be a citizen of Alabama within the meaning of § 1332, is a real party in interest and, therefore, complete diversity is destroyed.  J. Marsh's attack is facial to the

extent that the court must determine whether, under Alabama substantive law, Cincinnati Insurance has pled sufficient allegations to support its position that subrogation has occurred and that Cincinnati Insurance is the real party in interest to this case.

Rule 17(a) requires that every action "be prosecuted in the name of the real party in interest." Fed. R. Civ. P. 17(a). "Whether a person is a real party in interest depends upon his substantive rights, which, in diversity cases . . . are determined by state law." *United States v. 936.71 Acres of Land, More or Less, in Brevard Cnty., State of Fla.*, 418 F.2d 551, 556 (5th Cir. 1969). "Thus, while a real party in interest analysis is a matter of federal procedure, reference must be made to state substantive law to identify the true owner of the legal interest at issue." *DM II, Ltd. v. Hosp. Corp. of Am.*, 130 F.R.D. 469, 471 (N.D. Ga. 1989) (citing *New Orleans Pub. Serv., Inc. v. United Gas Pipeline Co.*, 732 F.2d 452 (5th Cir. 1984)).

"The general rule [is] that a [properly] subrogated insurer is the real party in interest." Couch on Insurance § 241:30 (3d ed. 1995). Alabama appears to follow the majority rule in this respect. Prior to 2004, the now-extinct second paragraph of Alabama Rule of Civil Procedure 17(a) read as follows:

> **(a) Real Party in Interest.** Every action shall be prosecuted in the name of the real party in interest . . . . In subrogation cases, regardless of whether subrogation has occurred by operation of law, assignment, loan receipt, or otherwise, if the subrogor no longer has a pecuniary interest in the claim, the action shall be brought in the name of the subrogee. If the subrogor still has a pecuniary interest in the claim, the action shall be brought in the names of the subrogor and the subrogee.

4

Ala. R. Civ. P. 17(a) (amended 2004).

The Committee Comments to the 2004 amendment state that "[s]ubrogation (e.g., when rights of subrogation arise, and the extent of those rights) is an issue of substantive, not procedural, law."  Ala. R. Civ. P. 17 cmt.  Thus, the Committee omitted the paragraph on subrogation not because it was an incorrect statement of the law, but because it was a statement of substantive law.  Since the 2004 amendment, the Alabama Supreme Court has not addressed subrogation in the context of determining the real party in interest.  The Alabama Court of Civil Appeals, on the other hand, has.  In *Broadnax v. Griswold*, 17 So. 3d 656 (Ala. Civ. App. 2008), the court of civil appeals, citing the new Rule 17(a), held  that "payment [by the insurer] divested the [insured] of any right she might have had to recover damages [ ] and made the insurer the 'real party in interest.'" *Id.* at 660 (quoting Ala. R. Civ. P. 17(a)); *see also Manning v. Zapata*, 350 So. 2d 1045, 1048 (Ala. Civ. App. 1977) ("Since [the insurance company] is the one who actually paid the claim of its insured, it is clear that [it is] the real party in interest."); *see also Pendergast v. Sprint Nextel Corp.*, 592 F.3d 1119, 1133 (11th Cir. 2010) ("In instances where a state's highest court has not ruled on a point of law, "'federal courts are bound by decisions of a state's intermediate appellate courts unless there is persuasive evidence that the highest state court would rule otherwise.'") (quoting *King v. Order of United Commercial Travelers of Am.*, 333 U.S. 153, 158 (1948)).

Furthermore, pre-2004 decisions by the Alabama Supreme Court have treated subrogation agreements with deference.  *See Int'l Underwriters/Brokers, Inc. v. Liao*, 548

So. 2d 163 (Ala. 1989), *opinion reinstated*, 764 So. 2d 543 (Ala. 2000) (recognizing that equitable principle of and requirements for subrogation could be modified by contract).

In light of (1) Alabama's substantive rule that the subrogee is the "real party in interest" once the subrogation provisions of the contract are satisfied, and (2) Cincinnati Insurance's allegations (which are taken as true) that it (a) "bargained for and obtained the right to institute this subrogation action," that it (b) "paid [Mr. Cannon] [$250,000.00] pursuant to the policy[,]" and that it (c) seeks $250,000.00 from J. Marsh, J. Marsh's argument that Mr. Cannon is a real party in interest is erroneous. Cincinnati Insurance made Mr. Cannon whole for his claim; therefore, "it is clear that [Cincinnati Insurance] [is] the real party in interest." *Manning*, 350 So. 2d at 1048. By the same token, Mr. Cannon is not a real party in interest to this lawsuit because Cincinnati Insurance's payment of his claim "divested [Mr. Cannon] of any right [he] might have had to recover damages." *Broadnax*, 17 So. 3d at 660.

The court, having determined that Mr. Cannon is not a real party in interest, finds that Mr. Cannon's citizenship for the purposes of § 1332 is irrelevant. J. Marsh's motion to dismiss is due to be denied.

## IV.  CONCLUSION

Accordingly, it is ORDERED that Defendant J. Marsh's Motion to Dismiss (Doc. # 13) is DENIED.

DONE this 28th day of December, 2010.

/s/ W.  Keith Watkins
UNITED STATES DISTRICT JUDGE